UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

THOROUGHBRED INDUSTRIES,
INCORPORATED, formerly known as
Baltic Industries, Incorporated,
                *Plaintiff-Appellee,*

and

LAMA, INCORPORATED,
                *Defendant-Appellee,*

v.                                          No. 00-2475

JAMES P. WARREN,
                *Defendant-Appellant,*

and

C. RICHARD WARREN,
                *Defendant.*

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-00-724-2-18, BK-99-1506-B)

Argued: May 7, 2001

Decided: July 30, 2001

Before WIDENER and WILKINS, Circuit Judges, and
Arthur L. ALARCON, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

---

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Stephen E. Carter, BETHEA, JORDAN & GRIFFIN, P.A., Hilton Head, South Carolina, for Appellant. William Harold Short, Jr., HAYNSWORTH SINKLER BOYD, P.A., Columbia, South Carolina, for Appellee Lama; William Earl Calloway, Sr., ROBINSON, MENDOZA, BARTON, MCCARTHY & CALLOWAY, P.A., Columbia, South Carolina, for Appellee Thoroughbred Industries. **ON BRIEF:** Tara E. Nauful, HAYNSWORTH SINKLER BOYD, P.A., Columbia, South Carolina, for Appellee Lama.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

In this adversary proceeding, James P. Warren appeals from a decision of the district court denying his breach of contract claim against Lama, Inc. (Lama) arising from a stock purchase agreement, and partially denying his claim against Thoroughbred Industries (Thoroughbred) for unpaid wages.

Warren was an officer and director of Thoroughbred. Lama acquired an 80% interest in Thoroughbred as part of a stock purchase agreement that required Lama to make two payments of $285,000 each to Warren. Following a trial, the bankruptcy court entered judgment in favor of Warren on his claim for unpaid wages but denied Warren's claim for triple damages and attorney's fees. It found in favor of Lama with respect to Warren's claims under the stock purchase agreement in which Warren claimed he was paid only $315,000 out of $570,000 promised. Warren appealed to the district court, alleging that the bankruptcy court erred on 92 separate issues. The district court reviewed Warren's assignments of error, and in a 36-

page opinion, affirmed in part and reversed in part the decision of the bankruptcy court.

Warren now appeals the decision of the district court and alleges error on three issues.

First, on appeal Warren argues that the district court erred by concluding that Lama properly discharged its debt to Warren under the stock purchase agreement when it transferred funds to Thoroughbred, where Warren exercised extensive control over Thoroughbred and did not object to the mode of payment. Warren also challenges the district court's conclusion that his failure to pay himself, when he could have, from Thoroughbred's account, amounted to an involuntary loan. Such funds transferred from Lama to Thoroughbred were used at Warren's direction to pay Thoroughbred's creditors.

The answer to the first and second questions is contained in the opinion of the bankruptcy court, which was quoted by the district court, in pertinent part, as follows:

> Jim Warren concedes that he received from Thoroughbred $315,000.00 pursuant to the Stock Purchase Agreement. Warren Direct, Vol. 2 at 310, lines 18-21. In addition, although Jim Warren claims not to have received the balance of the sums owed him under the Agreement, he concedes that Lama advanced over $4 million dollars to Thoroughbred. He further concedes that he exercised wide discretion over the funds transferred by Lama, so much so that, without written authorization from the Thoroughbred Board, he was free to transfer $260,000.00 out of Thoroughbred's Master account unto his own. He was also free to make a $5,000.00 loan to his brother, to pay his brother a $500.00 bonus, and to pay off a $100,000.00 note of his brother's owed to Palmetto Federal. Based on the foregoing, this Court finds that the weight of the evidence supports a finding that Jim Warren had the funds at his disposal with which to pay himself under the Stock Purchase Agreement, but chose, instead to re-loan these sums to Thoroughbred. This court finds that from November 1996 to March 1998, Jim Warren made $255,000.00 in involuntary loans to Thor-

oughbred. This court finds that these loans were not authorized by the Thoroughbred Board of Directors and no notes were executed evidencing these loans. Consequently, this Court finds that Jim Warren is not entitled to recover interest on the sums loaned.

* * *

This Court finds that Lama made all of the payments required under the Stock Purchase Agreement. Consequently, the Court finds as a matter of law, that Lama did not breach its obligations under the Stock Purchase Agreement, that Lama paid the Total Consideration, and that Jim Warren is not entitled to recover damages against Lama under the Stock Purchase Agreement.

We agree with the bankruptcy court and affirm the decision of the district court denying liability in that respect.

Warren's third claim is that the award to him of $40,000 in back wages should have been tripled under South Carolina Code § 41-10-80(C) which is, in pertinent part, that:

In case of any failure to pay wages due to an employee as required by Section 4-10-40 or 41-10-50 the employee may recover in a civil action an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow.

The district court held that the evidence in this case suggested that there was a bonafide dispute over wages due, and in such event the code section just referred to was not obligatory but was permissive. It affirmed the holding of the bankruptcy court, that the permissive application was proper, and we agree.

The judgment of the district court is accordingly

*AFFIRMED.*